## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ACES TRANSPORT, INC.,

        Plaintiff,

        v.                          Case No.  05-2434-JWL

RYAN TRANSPORTATION SERVICES,
INC., et al.,

        Defendants.
_____

## MEMORANDUM AND ORDER

In this lawsuit, plaintiff Aces Transport, Inc. (Aces) alleges that defendant Ryan Transportation Services, Inc.'s (Ryan) wrongfully caused a UCC-1 financing statement to be recorded against Aces' assets, wrongfully forced Aces to enter into a factoring agreement with Ryan at usurious interest rates, wrongfully forced Aces to pay the debts of another company, and interfered with Aces' contracts with others.   Aces asserts various common law and state statutory claims against Ryan.   This matter is currently before the court on Ryan's motion to dismiss (Doc. 37).   For the reasons explained below, this motion is denied without prejudice because Ryan's motion relies primarily on affidavits which the court will not consider on a Rule 12(b)(6) motion and also because the parties have failed to adequately address fundamental, threshold choice-of-law issues.

First, Ryan's arguments in support of its motion rely heavily on affidavits Ryan submitted in support of its motion to dismiss which essentially attempt to support Ryan's

theory of defense.  But, on a Rule 12(b)(6) motion to dismiss the court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff.  *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).  If the court were to consider the affidavits submitted by Ryan, the court would have to convert the motion into one for summary judgment.  *Burnham v. Humphrey Hospital Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005).  The court has discretion in deciding whether to convert the motion by accepting or rejecting the attached documents.  *Poole v. County of Otero*, 271 F.3d 955, 957 n.2 (10th Cir. 2001).  At this early phase of the litigation, the court exercises its discretion and rejects those affidavits as well as all of Ryan's arguments which rely on their contents.

Second, neither party has adequately addressed fundamental choice-of-law issues.  The starting point in this analysis is the significance of the fact that this case was transferred to this court by the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1406(a).  *See Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 n.3 (10th Cir. 2001) (transferee court must apply choice-of-law rules of the transferor court in a case transferred under § 1406(a)); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996) (same, noting this rule applies to transfers under both § 1404(a) and § 1406(a) as long as the transfer did not cure a jurisdictional defect).  Here, the parties have not discussed the choice-of-law rules of the transferor court.  This consideration arguably impacts the extent of the enforceability of the choice-of-law provision upon which Ryan's motion relies heavily.  The parties have not discussed, for example, whether the choice-

of-law provision is enforceable under the choice-of-law rules of the transferor court and, as a corollary thereto, the extent to which Aces' claims fall within the scope of the choice-of-law provision under the choice-of-law rules of the transferor court.[1]   For example, Counts II, III, IV, and VIII of Aces' complaint contain different aspects such as allegedly usurious interest rates under the factoring agreement, recovery of funds that Ryan allegedly converted to pay Southern Logistics' debt, Ryan's alleged wrongful recording of the financing statement, and that Ryan allegedly was doing business in California without the required license to do so.  The parties also have not addressed the issue of what law applies—again, under the choice-of-law rules of the transferor court—to Aces' claims that do not fall within the scope of the choice-of-law provision.   Additionally, the parties have not addressed the impact of Aces' rescission claim on the choice-of-law provision.   And, on a related issue, the parties have not addressed the extent to which Aces' claim under the Kansas Declaratory Judgment Act is procedurally proper.

Until the parties have addressed these threshold issues, the court is simply unwilling to definitively resolve Ryan's arguments.  Of course, choice-of-law issues only arise when one state's laws differ from another state's laws.  Thus, where no conflict of laws exists the parties may wish to simplify their arguments by agreeing on which state's law applies to particular aspects of Aces' various claims.  But, to the extent that they disagree on which state's law

---

[1] The court notes that the scope of the choice-of-law clause is not synonymous with the forum selection clause, as Ryan seems to suggest in its reply brief.

applies, the court will not consider dismissing those claims until the parties have adequately addressed the relevant choice-of-law considerations.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to dismiss (Doc. 37) is denied without prejudice.

**IT IS SO ORDERED** this 10th day of March, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4